Sam C. **MOZER** et al., d/b/a Mozer
Brothers, Appellants,

v.

**HI-YIELD CHEMICAL COMPANY**
et al., Appellees.

No. 15876.

United States Court of Appeals
Fifth Circuit.

June 28, 1956.

Rehearing Denied July 31, 1956.

Hardy Moore, Paris, Tex., for appellants.

Buster Cole, Bonham, Tex., Cunningham, Cole & Southerland, Bonham, Tex., for appellees.

Before RIVES, TUTTLE and JONES, Circuit Judges.

RIVES, Circuit Judge.

This action was originally commenced by Chemical Corporation of Colorado, to whose interests appellants succeeded as assignees in bankruptcy. It sought to recover $35,913.50, the agreed purchase price of 7610 gallons of cotton insecticide, sold on open account, and an additional sum of $1113.06 for freight and demurrage charges, less a credit of $13,-561.50 realized from the sale of the insecticide after it had been returned to Chemical Corporation of Colorado. The district court found the facts and stated its conclusion as set forth in the margin,[1]

---

1. *"Finding of Fact*

"1.

"I find that on or about August 28, 1951, the defendants returned by rail to the plaintiffs' assignor two cars of cotton insecticide containing 7,610 gallons of such insecticide, such insecticide being shipped from Bonham, Texas, to Denver, Colorado.

"2.

"I find that when shipped to defendants such insecticide was improperly packaged and was sent to defendants in containers insufficient for use for the purposes for which insecticide was intended.

"3.

"I find that such insecticide was sold to the defendants at an agreed price of $4.50 per gallon, and that after return of such insecticide the plaintiffs' assignor took

no steps to dispose of same for a period of approximately two years, and at the end of such period sold such insecticide for $1.75 per gallon.

"4.

"I find that the plaintiffs' assignor was negligent in holding such cotton insecticide for a period of approximately two years and did not act with due diligence in an effort to minimize its damages and that it should have, upon receipt of such cotton insecticide, sold the same immediately.

"5.

"I find that had plaintiffs' assignor sold such insecticide in Denver, Colorado, with promptness and with diligence it could have sold the same at a market price of $3.75 per gallon.

and entered judgment for the plaintiffs for $4,463.50, plus 6% interest from April 8, 1955.

The appellants insist that said judgment was inadequate. The appellees do not cross appeal, but do insist, inter alia, that the appellants were entitled to no recovery and, hence, cannot complain. The disposition of this appeal turns, we think, on whether there was any right to return the goods for breach of an implied warranty.

Philip C. Mozer, one of the appellants, was sales manager and vice-president of Chemical Corporation of Colorado, and as such conducted nearly all of its business dealings with the appellees. He admitted that he had understood that appellees were buying the products for resale to farmers in the packages in which purchased, and that he also knew that the insecticide could not be sold to farmers in the open head drums in which it was shipped. We think that there was a clear breach of the implied warranty that the insecticide as packaged was suited for resale in the trade for which it was intended.[2]

The testimony was in sharp conflict as to whether the appellees waived this breach of implied warranty, but there was ample evidence to sustain the implicit finding of the district court that the appellees had the right to return the improperly packaged insecticide. That being true, and the appellants being entitled to no recovery, they cannot successfully complain of the amount of judgment awarded them.

The judgment is therefore

Affirmed.

"6.

"I find that there was no express agreement upon the part of plaintiffs' assignor to receive and take back such cotton insecticide at the agreed purchase price of $4.50 per gallon.

"Conclusions of Law

"1.

"I find that plaintiffs are entitled to recover of and from the defendants the difference between the purchase price of the cotton insecticide, to-wit, $4.50 per gallon, and the existing market price of

such cotton insecticide immediately after it was received in Denver, Colorado, by the plaintiffs' assignor, to-wit, $3.75 per gallon, or a judgment for a total sum of $5,707.50, less a credit to said defendants of $1,244.00, the amount of the deposits which defendants had made upon the insufficient and defective drums, in which the cotton insecticide was shipped to the defendants and sent back to the plaintiffs' assignor."

2. 37 Tex.Jur. 290, §§ 126, 326, 405, 555, 575–576.